**Henry CARTER, Jr., Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90 C 3489.**

United States District Court, N.D. Illinois, E.D.

Nov. 7, 1991.

Marcie E. Goldbloom, Frederick J. Daley, [COR] Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Mark A. Flessner, U.S. Attorney's Office, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

### Introduction

The plaintiff, Henry Carter, Jr., has moved this court to issue an order retaining jurisdiction over his complaint for administrative review. On July 3, 1991, this court remanded the case to the Security of Health and Human Services after ruling that the Secretary's decision denying Mr. Carter disability benefits was not supported by substantial evidence and was not adequately explained. Mr. Carter fears that if this court fails to retain jurisdiction, he may be unable to make a timely application for attorneys' fees under the Equal Access to Justice Act. This fear is due to the Supreme Court's decision in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) which held that such applications for attorneys' fees must be made within thirty days of the end of the period of appeal of a final decision by a *district court.* If Mr. Carter prevails on remand and no further district court action is taken, however, he will be unable to make a timely application. Mr. Carter therefore requests that this court retain jurisdiction so as to avoid the dilemma that *Melkonyan* has created.

### Background

Mr. Carter filed an application for Social Security disability insurance benefits ("DIB") on March 11, 1986. *See* 42 U.S.C. §§ 416(i) and 423. In his application, he alleged that he became disabled on November 30, 1977. The Social Security Administration initially denied Mr. Carter's application in full. After reconsidering, however, the Administration determined that Mr. Carter was indeed eligible for DIB as of June 30, 1983 but that he was not eligible for any time before then. He has received disability benefits for the period from June 30, 1983 through the date he became entitled to retirement insurance benefits in 1986.

The date determined to be the date of the onset of disability, June 30, 1983, happened to be the very last day that Mr. Carter was still insured under the Social Security program for purposes of entitlement to Title II benefits. Skeptical as to how the Secretary chose, seemingly out of thin air, June 30, 1983 as the date of onset of disability and continuing to insist that he has been disabled since 1977, Mr. Carter requested an administrative hearing. After the hear-

ing the administrative law judge ("ALJ") affirmed the Administration's determination that Mr. Carter was not entitled to benefits for any time period prior to June 30, 1983.

The plaintiff then appealed the ALJ's ruling to the Social Security Administration's Appeals Council. The Appeals Council vacated the ALJ's decision and remanded the case to him to obtain additional testimony regarding Mr. Carter's ability to work. The ALJ conducted another hearing after which he issued a second decision finding the plaintiff not disabled prior to June 30, 1983. Carter again appealed to the Appeals Council. The Appeals Council in turn remanded the case to the ALJ a second time after deciding once again that the evidence was not adequate to support the ALJ's decision. In July of 1989, however, the ALJ ruled for a third time that Mr. Carter was not disabled prior to June 30, 1983. In May of 1990, the Appeals Council denied review of the ALJ's third ruling.

Pursuant to 42 U.S.C. § 405(g), Mr. Carter then sought judicial review in this court of the Secretary's adverse decision regarding his eligibility for DIB for the period between November 30, 1977 and June 30, 1983. His complaint also included a request for attorney's fees under the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d).

On July 3, 1991, this court issued an order (the "July 3 order") remanding this case to the Secretary for a determination of the date plaintiff became disabled. This court ruled that the Secretary's choice of June 30, 1983 as the date of onset of disability was not supported by substantial evidence and was not adequately explained. The July 3 remand order stated in relevant part:

> There is no dispute that the plaintiff has been disabled since 1983. The only question is whether substantial evidence supports the Secretary's decision that prior to 1983 he was not disabled. The record reveals that three doctors opined as to the plaintiff's condition [in] the period following 1978. Of the three doc-

tors, two determined that he was in fact disabled. While the Secretary can accord greater weight to the testimony of the doctor who determined he was not disabled, he cannot simply disregard contrary evidence without an adequate explanation. *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir.1984). There has been no adequate explanation.

\*   \*   \*   \*   \*   \*

> In sum, the Secretary has failed to adequately explain why it chose June 30, 1983 as the onset date of the plaintiff's disability. Nothing of any significance occurred on that date. *See Linder [Lindner] v. Sullivan*, 902 F.2d 1263 (7th Cir.1990). The Secretary must either support its conclusion that June 30, 1983 is the appropriate date, or determine what date prior to [June 30, 1983] is. (some citations omitted).

Since winning a remand, Plaintiff has moved this court to issue an order retaining jurisdiction over his complaint for administrative review. He has so moved because he fears that under *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), he may be disqualified from collecting attorney's fees under the EAJA unless this court retains jurisdiction. His motion to retain jurisdiction is presently before this court and is the subject of this memorandum opinion.

## Discussion

### I. Retaining Jurisdiction Over Plaintiff's Complaint.

Plaintiff has pointed out how the Supreme Court's *Melkonyan* decision has put many applicants for EAJA attorney's fees in a "Catch–22" by making it impossible for a large category of them to make timely applications for fees. Applicants for DIB fees who are denied benefits at the administrative level but who then obtain a remand from the district court and subsequently prevail on remand are, as a practical matter, unable to make timely applications for EAJA fees. Mr. Carter fears that if he prevails on remand, he may fall into that category.

The Equal Access for Justice Act provides in relevant part:

(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection. . . .

28 U.S.C. § 2412(d)(1)(A), (B).

■ In order to be a "prevailing party," Carter must "achieve some of the benefit sought in bringing the action." *Sullivan v. Hudson,* 490 U.S. 877, 887, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). Elaborating upon that requirement, the Supreme Court in *Hudson* stated that "a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings." *Id.* If, however, Carter succeeds after further proceedings at the administrative level, he would at that point become a "prevailing party" potentially entitled to fees under the EAJA. *Id.; Damato v. Sullivan,* 945 F.2d 982, 987 n. 2 (7th Cir.1991) (applicant for disability benefits became "prevailing party" under the EAJA upon winning favorable administrative ruling following post-remand administrative proceedings).

In *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), however, the Supreme Court declared that:

Congress' use of 'judgment' in 28 U.S.C. § 2412 refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.

*Id.* (emphasis original). Mr. Carter would thus be unable to make a timely application for fees under the EAJA if he achieves his objectives at the administrative level (thereby becoming a "prevailing party") because the administrative ruling would not qualify as a "judgment" under the EAJA. As one district court has described this unfair outcome:

[T]he practical effect of *Melkonyan* is that certain [EAJA] claimants will be time barred due to the administrative labyrinth they must first transverse before gaining "prevailing party" status. Contrary to the Supreme Court's view that *Melkonyan* "harmonizes" the remand provisions of 42 U.S.C. § 402(g) with the requirements of EAJA, the decision has given rise to a procedural impossibility.

*Fergason v. Sullivan,* 771 F.Supp. 1008, 1013 (W.D.Mo.1991).[1] By contrast, one who fails at the administrative level but who then subsequently prevails on judicial review would not have trouble making a timely application, *i.e.,* an application "within thirty days of a final judgement." This anomaly arises because *Melkonyan* held that agency decisions, unlike judgments entered by a court of law, do not qualify as "judgments" under the EAJA.

■ Consequently, Mr. Carter has moved for the entry of an order retaining jurisdiction of his complaint. The purpose

---

**1.** The *Fergason* court also stated that it "recommends that the Supreme Court revisit this matter so as to reconcile its holding in *Melkonyan*

with the EAJA's 'prevailing party' requirement." *Id.*

of this motion is to ensure that this court will have jurisdiction to consider an award under the EAJA should he prevail in the administrative proceedings. The plaintiff argues that under *Sullivan v. Hudson* this court has authority to retain jurisdiction. This court agrees.

In *Hudson,* the Supreme Court held that under § 2412(d), a "civil action" could include administrative proceedings so that a claimant could receive attorney's fees for work done at the administrative level following a remand by a district court. *Hudson* also stated that "the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary." *Hudson,* 490 U.S. at 887–88, 109 S.Ct. at 2255. *Hudson's* holding that district courts may retain jurisdiction within the meaning of the EAJA has not been altered by the *Melkonyan* decision. There, the Court explained:

> *Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level.

*Melkonyan,* 111 S.Ct. at 2162.

This court's conclusion that it has the authority to retain jurisdiction is also consistent with the Seventh Circuit's recent decision in *Damato v. Sullivan,* 945 F.2d 982 (7th Cir.1991). In *Damato,* as in this case, the district court remanded a DIB claimant's case to the Secretary on the grounds that the DIB applicant was entitled to a better explanation of the Secretary's decision denying disability benefits. On remand, an administrative law judge conducted an additional hearing and then ruled in the DIB claimant's favor. Following the ALJ's favorable ruling, the claimant filed for attorney's fees under the EAJA with the district court that had remanded his case. The district court denied the application for attorney's fees on the

grounds that the government's position in opposing Mr. Damato's claim for DIB benefits was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). Mr. Damato then appealed the district court's denial of an EAJA award to the Seventh Circuit. The Seventh Circuit affirmed the district court's decision as it agreed that the government's position was substantially justified. Significantly, however, the Seventh Circuit did not rule that the application for fees under the EAJA was untimely or that the district court somehow lacked jurisdiction to consider the request. Accordingly, this court finds that *Damato* does not preclude this court's retention of jurisdiction.

Although this court did not expressly retain jurisdiction in its July 3 order, the suggestion was never made (until this motion) that this court was not retaining jurisdiction. Indeed, this court, even as it remanded the case to the Secretary, fully intended to retain jurisdiction to ensure that its instructions were followed on remand. This court contemplated on July 3 (and contemplates now) that it may eventually be required to enter a final judgment following the completion of administrative proceedings. Mr. Carter's motion is understood to be an effort to make the record "crystal clear" that this court has continued to retain jurisdiction since July 3. In light of the confusion and unfairness *Melkonyan* has created, his concern is well-founded. The present order is intended to clarify that this court is retaining (and indeed has retained since July 3) jurisdiction over Mr. Carter's complaint. Plaintiff's motion for an order declaring the retention of jurisdiction over his complaint for administrative review is therefore granted. Thus, this court will have jurisdiction to review an application for EAJA fees if Mr. Carter prevails at the administrative level and this court is asked to affirm the decision.

A number of other post-*Melkonyan* courts have made similar rulings in factual contexts similar to the one before this court. For example, in *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991), the Eighth Circuit ruled that a district court which had

remanded several DIB claimants' cases due to "flaws in the ALJ's methodologies" could consider applications for EAJA awards. The Eighth Circuit so held even though the district court never entered a "final judgment" since the Secretary awarded benefits once the claimants prevailed on remand. The Eighth Circuit expressed its belief that the district court had retained jurisdiction of the claimants' cases even though the district court never expressly stated that it did. It concluded that the district court had planned to enter dispositive judgments after the Secretary reevaluated the claimants' applications for benefits. *Id.* at 675. *See also Courtland v. Bowen,* 1991 WL 279276, 1991 U.S. Dist. LEXIS 14042 (S.D.Ala.1991) (entering final judgment affirming Secretary's post-remand award of DIB benefits to enable prevailing DIB applicant to make timely application for EAJA award); *Brennan v. Sullivan,* 1991 WL 290558, 1991 U.S. Dist. LEXIS 12532 (D.R.I.1991) (magistrate judge's report recommending district court do same).

II. The July 3 Decision to Remand.

Having cited the Seventh Circuit's recent decision in *Damato,* this court feels compelled to share certain observations about that decision and about its effect on cases like Mr. Carter's in the future. In *Damato,* the Seventh Circuit stated that "[i]t is questionable whether the district court possessed the authority to remand this case to the Secretary [on the grounds that it did]." *Damato,* at 987 n. 3. This court takes special interest in that conclusion because on July 3, 1991, only slightly more than three months before *Damato* was decided, this court remanded Mr. Carter's case on

the very same grounds: that the Secretary failed adequately to explain the reasons for his decision.[2]

In *Damato* the Seventh Circuit based its doubts regarding the district court's authority to remand on the *Melkonyan* decision in which the Supreme Court made clear that district courts have *two and only two* bases upon which they can remand social security cases to the Secretary pursuant to 42 U.S.C. § 405(g). Analyzing § 405(g) sentence-by-sentence, the Court observed that only two sentences (sentences four and six) of § 405(g) discuss a district court's authority to order a remand. The Court reasoned that "Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's authority to enter remand orders to these two types [*i.e.,* sentence four and sentence six remands]." *Melkonyan,* 111 S.Ct. at 2164.

The Supreme Court summarized the two types of remand as follows:

Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence early.

*Id.* Sentence four and sentence six of § 405(g) are reprinted in the margin.[3]

This court's remand was definitely not a sentence six remand. The remand was not made "in light of additional evidence" that the claimant had "good cause for failing to

---

**2.** As discussed above, the July 3 ruling stated this court's opinion that the Secretary's selection of June 30, 1983 as the date of the onset of Mr. Carter's disability was not supported by substantial evidence and was not adequately explained.

**3.** Sentence four provides:
The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.
Sentence six provides:

The court may, on motion of the Secretary made for good cause shown before he files an answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....
42 U.S.C. § 405(g).

present" earlier. It is extremely arguable, however, that this court's July 3 remand was in fact a sentence four remand. Sentence four remands are those made in conjunction with a "judgment affirming, modifying or reversing the Secretary's decision." On July 3, this court issued a ruling which vacated the Secretary's decision. If a ruling vacating the Secretary's decision fits within the meaning of a "judgment ... modifying or reversing the Secretary's decision," then this court's remand was a valid sentence four remand.

■ There is indeed ample post-*Melkonyan* district court authority to support the view that this court's July 3 remand was a valid fourth sentence remand. *See, e.g., Courtland v. Bowen*, 1991 WL 279276, 1991 U.S. Dist. LEXIS 14042 (S.D.Ala.1991) (order vacating Secretary's denial of disability benefits and directing Secretary on remand to take a more careful look at the evidence was a sentence four remand); *Fergason v. Sullivan*, 771 F.Supp. 1008 (W.D.Mo.1991) (same). Moreover, the Secretary was also of the opinion that this court's remand was authorized by sentence four of § 405(g). The Secretary insisted in his brief that this court's remand was a sentence four remand:

> The remand here was a fourth sentence remand. The court reviewed the merits of the agency decision and determined that the Secretary did not adequately explain his choice of onset date and that his decision was not supported by substantial evidence.... [I]t was a ruling on the legal propriety of the agency's decision, a cornerstone of a fourth sentence remand.

Def. Br. at 3. Similarly, in *Damato*, the Secretary held the view that sentence four authorizes district courts to vacate the Secretary's decision and to remand for a more complete explanation of the reasons for the Secretary's decision. *See Damato*, at 986; *see also Welter v. Sullivan*, 941 F.2d 674 (8th Cir.1991) (Secretary arguing that district court orders vacating Secretary's decision and remanding to correct ALJ's "methodological flaws" were sentence four remands).

In *Damato*, however, the Seventh Circuit definitively ruled that a district court's vacating a decision of the Secretary denying disability benefits and remanding for an adequate explanation is not a "judgment ... modifying or reversing the Secretary's decision" and is therefore not a valid sentence four remand. *Accord Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir.1991) (sentence four does not authorize remand on grounds that Secretary's determination was not supported by substantial evidence). Nonetheless, the *Damato* opinion also indicated that when the Secretary acquiesces in an order vacating and remanding the Secretary's determination, the court's remand will stand. *See Damato*, at 987 n. 3. In the present case, the Secretary acquiesced in the remand. Besides insisting in his brief opposing retention of jurisdiction that the remand was a valid sentence four remand, the Secretary also failed to move this court to reconsider its July 3 ruling.

A final word should also be said on the effect of the *Melkonyan* and *Damato* decisions. By reading § 405(g) so literally, the Supreme Court and the Seventh Circuit have sharply limited the ability of district courts to remand cases to the Secretary. As a result, district courts will soon begin to find themselves with many cases in which the Secretary's decision was not adequately explained or in which the Secretary made some other mistake. Before *Melkonyan*, district courts would have remanded such cases to the Secretary to cure the particular error. Pre–*Melkonyan* courts that had probed the legislative intent of § 405(g) had held that Congress did indeed intend to empower district courts to remand on grounds not explicitly spelled out in the statute. *See, e.g., Garfield v. Schweiker*, 732 F.2d 605, 609 n. 8 (7th Cir.1984) (Congressional intent, though not literally recited in § 405(g), was to permit remands in accordance with traditional principles of administrative law); *Aubeuf v. Schweiker*, 649 F.2d 107, 115–116 (2d Cir.1981) (Congress intended in § 405(g) to allow remands when Secretary's decision is not supported by substantial evidence or when Secretary has employed an erroneous

legal standard). Under *Melkonyan*'s and *Damato*'s cramped reading of sentence four, however, district courts will somehow have to dispose of cases which were not ready for judicial review in the first place or which for some reason are not appropriate for final disposition.

This court is sensitive to the valid concern that district courts may often be tempted to remand cases back to the Secretary merely because of a disagreement with the outcome even though the Secretary's determination was supported by substantial evidence. *See* H.R.Rep. No. 96–100, 96th Cong., 1st Sess. 13 (1979), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1336–37 (expressing perception that district courts remand social security cases too often and favoring legislative provisions, never enacted, to limit district courts' authority to remand). Accordingly, the motivation to limit the district courts' ability to remand is understood. Nonetheless, the narrow reading afforded § 405(g) by the Supreme Court and the Seventh Circuit will result in district courts being unable to remand cases that should be remanded. After *Melkonyan* and *Damato* District courts will be "stuck with" cases in which the Secretary failed to create a record permitting proper judicial review, cases in which the Secretary did not explain the grounds for his decision, cases in which the Secretary neglected to follow his own regulations and cases in which the Secretary's determination was not supported by substantial evidence but in which there is also insufficient evidence for the court to reverse.

It would assuredly be unwise to prohibit Courts of Appeals from remanding cases in which there has been incomplete fact-finding or a procedural or evidentiary blunder on the part of a district court. It is equally unwise to prevent district courts from remanding social security cases that are not appropriate for final disposition.

### Conclusion

For the foregoing reasons, this court grants plaintiff's motion for an order re- taining jurisdiction over plaintiff's complaint for administrative review.