**Joan PETRIE, Plaintiff,**

v.

**Louis SULLIVAN, Secretary, Department of Health and Human Services, Defendant.**

**No. 87 C 9100.**

United States District Court,
N.D. Illinois, E.D.

Sept. 30, 1992.

---

**5.** *Smith v. Smith*, 28 Ill. 56 (1862) and *Brown v. Atwood*, 224 Ill.App. 77 (2d Dist.1922)..

**6.** *Dreis & Krump Mfg*, 802 F.2d at 250.

Henry Rose, Robert C. Olson, Sr. Law Student, Loyola University Community Law Center, Chicago, Ill., for plaintiff.

Eileen M. Marutzky, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case comes before the court on plaintiff's amended motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

### BACKGROUND

On October 21, 1987, plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the defendant's denial of her claims for Social Security Disability Insurance and Supplemental Security Income benefits. On September 4, 1990, this court found that the defendant's decision denying plaintiff's claims was not supported by substantial evidence. Accordingly, the case was remanded back to the defendant for the taking of additional medical expert testimony.

On July 3, 1991, plaintiff moved for an award of attorney's fees under the EAJA. Defendant opposed the motion on the grounds that it was not timely filed and that plaintiff was not a "prevailing party" within the meaning of the EAJA. The motion was briefed by both parties.

On August 22, 1991, the Administrative Law Judge decided on remand that plaintiff was in fact disabled and was therefore entitled to disability benefits.

On December 5, 1991, plaintiff filed an amended motion for attorney's fees under EAJA. Defendant did not file a response to the amended motion.

### DISCUSSION

The relevant EAJA statute, 28 U.S.C. § 2412(d)(1)(A), (B), provides as follows:

"(A) Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses.... incurred by that party *in any civil action* (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the

United States was *substantially justified* or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of *final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection...."

28 U.S.C. § 2412(d)(1)(A), (B) (emphasis added). Hence, plaintiff must satisfy three requirements to warrant an EAJA fee award: 1) plaintiff must be a "prevailing party"; 2) defendant's position must not have been "substantially justified"; and 3) the fee application must be timely.

■ An applicant for disability benefits who wins a favorable administrative ruling after post-remand administrative proceedings is a "prevailing party" under the EAJA. *Damato v. Sullivan,* 945 F.2d 982, 987 n. 2 (7th Cir.1991). Since the ALJ ruled in plaintiff's favor on remand, plaintiff was a "prevailing party". Moreover, defendant has not asserted that its position was "substantially justified" pursuant to § 2412(d)(1)(B). Plaintiff therefore easily satisfies the first two of the three EAJA fee requirements.

■ The court must therefore address the timeliness of plaintiff's fee application. To be timely, the party seeking an EAJA fee award must file its application "within 30 days of the *final judgment* in the action...." § 2412(d)(1)(B) (emphasis added). This court's September 4, 1990 order (the "Remand Order") adopted Magistrate Judge Bobrick's recommendation that the case be remanded to the defendant for additional findings. Defendant therefore asserts that September 4, 1990 was the date of "final judgment." If so, then plaintiff's fee application was untimely, since it was not filed until July 3, 1991. The court must therefore determine whether the Remand Order was the "final judgment" for § 2412(d)(1)(B) purposes. If not, the court must determine what was the date of "final judgment".

■ Whether the Remand Order was a "final judgment" depends on the nature of the remand under 42 U.S.C. § 405(g), the statute providing for this sort of judicial review. As recently explained by the Supreme Court, there are only two kinds of remands permissible under § 405(g):

"Under sentence four [of § 405(g)], a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier. Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads us to concluded that it intended to limit the district court's authority to enter remand orders to these two types."

*Melkonyan v. Sullivan,* ── U.S. ──, ──, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991) (footnote omitted). As explained in *Melkonyan,* a "sentence four" remand (a substantive ruling) is a "final judgment" triggering the § 2412(d)(1)(B) fee application filing period. *Id.* at ──, 111 S.Ct. at 2165. In contrast, a "sentence six" remand (which is nonsubstantive) is not a "final judgment." *Id.* Accordingly, with a "sentence six" remand, "the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Id.*

Defendant argues that the Remand Order was a "sentence four" remand, because this court determined that the ALJ's decision was not supported by substantial evidence. Essentially, defendant argues that the court reversed the ALJ's decision due to error. However, nothing in the Remand Order indicates that the remand was accompanied by a judgment affirming, modifying, or reversing the defendant's decision, as is required for a "sentence four" remand. The Remand Order merely states that "this court adopts the Magistrate's Report and Recommendation in full and

denies the cross-motions for summary judgment and remands this case back to the Secretary for further proceedings in accordance with the Report and Recommendation." As noted above, Magistrate Bobrick recommended that the case be remanded so that defendant could take additional medical testimony regarding plaintiff's capacity to work. Furthermore, the fact that both motions for summary judgment were denied indicates that the court did not affirm, modify, or reverse the defendant's decision.

In a virtually identical Social Security/EAJA case involving a remand for additional findings, the Seventh Circuit recently held that the district court's remand order was not a "sentence four" remand, since the remand was not accompanied by an affirming, modifying, or reversing judgment. *Young v. Sullivan*, No. 88 C 7309, slip op. at 8 (7th Cir. Aug. 14, 1992). Consistent with *Young*, this court concludes that its Remand Order was not a "sentence four" remand, and hence was not a "final judgment."

Given that the Remand Order was not a "sentence four" remand, the court must determine whether the Remand Order was a "sentence six" remand instead. Sentence six of § 405(g) provides in pertinent part:

"The court may.... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...."

In *Melkonyan*, the Supreme Court distinguished a sentence six remand from a sentence four remand as follows:

"The sixth sentence of § 405(g), as we explained in *Finkelstein*, 'describes an entirely different kind of remand.' *Id.*, at —, 110 S.Ct., at 2664. The District Court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the

administrative determination. Rather the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."

*Melkonyan*, — U.S. at —, 111 S.Ct. at 2163.

In the case at bar, the court did not remand because "new evidence had come to light." Accordingly, as in *Young*, the Remand Order was neither a "sentence six" nor a "sentence four" remand. *Young v. Sullivan* at 8.

After *Melkonyan*, there are only two permissible types of remands pursuant to § 405(g): "sentence four" and "sentence six" remands. *Young v. Sullivan* at 8. Because *Melkonyan* is retroactively applied, the court's non-"sentence four" or "sentence six" remand was improper in light of *Melkonyan*. *Id.* Nevertheless, as in *Young*, because the defendant acquiesced in the remand, the Remand Order stands. *See also, Damato v. Sullivan*, 945 F.2d at 987 n. 3. What, then, is the date of "final judgment" for purposes of the fee application deadline?

In *Melkonyan*, the Supreme Court expressly held that only a court of law can issue a "final judgment":

"Congress' use of 'judgment' in 28 U.S.C. § 2412 refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."

*Melkonyan v. Sullivan*, — U.S. at —, 111 S.Ct. at 2162 (emphasis in original).[1]

---

**1.** In *Young,* the Seventh Circuit held that the "final judgment" for purposes of the § 2412(d)(1)(B) time clock was the ALJ's decision on remand which became non-appealable

after 60 days. *Young v. Sullivan* at 8. Despite *Young,* this court feels bound by the reasoning of the Supreme Court in *Melkonyan.* Therefore, this court concludes in the case at bar, that the

As this court recently explained in *Carter v. Sullivan*, 782 F.Supp. 1251, 1255 (N.D.Ill.1991), a district court may retain jurisdiction following the remand of a social security/disability claim. The retention of such jurisdiction need not be explicit, so long as the court contemplated the retention of jurisdiction at the time of remand and no suggestion was ever made that the court was not retaining jurisdiction. *Id.* In the case at bar, although this court did not expressly retain jurisdiction post-remand, the court did in fact retain such jurisdiction to ensure that its instructions were followed on remand, and neither the court nor the parties have ever suggested otherwise.

Accordingly, since the Remand Order was not a "final judgment" and since the court retained jurisdiction post-remand, the civil action could not have been terminated (and, hence, "final judgment" could not have been entered) prior to the date the court was satisfied that its instructions had been followed on remand. The earliest this could have happened was August 22, 1991, the date the ALJ issued his decision on remand. However, after that date, the record indicates that the earliest written or oral communication between the parties and the court was December 5, 1991, the date plaintiff was granted leave to file his amended motion for attorney's fees.

Accordingly, the court hereby affirms the ALJ's decision on remand *nunc pro tunc* to December 5, 1991, thereby entering "final judgment" on that date. Since plaintiff filed its original EAJA fee motion on July 3, 1991, and its amended motion on December 5, 1991, plaintiff's fee request was timely.

Plaintiff expended approximately 82.4 hours on this case. Plaintiff requests that the court grant him an hourly rate of $112.00 under the EAJA, representing the base hourly rate of $75.00, plus the cost of living adjustment allowed by statute. Defendant does not object to the requested amount of fees. Accordingly, the court grants plaintiff's fee request in full.

ALJ's decision on remand was not the "final judgment."

## CONCLUSION

The court hereby affirms the August 22, 1991 decision on remand of Administrative Law Judge James Lanter *nunc pro tunc* to December 5, 1991, and grants plaintiff's fee application in the amount of $9240.00.