Laura BURKART, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant.

No. 86–4794–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

Jan. 19, 1990.

## MEMORANDUM OPINION
## AND ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff has requested attorney fees at the rate of $92.00 per hour for 39.75 hours of work, plus $776.40 for expenses. The Secretary opposes the request for attorney fees; in the alternative, should the Court determine that an award of attorney fees is proper, the Secretary opposes the plaintiff's request insofar as the hourly rate exceeds the statutory maximum.

Plaintiff originally filed for Social Security disability insurance benefits in September, 1985. Her application was de-

nied at all stages of the administrative process, and the plaintiff appealed to this Court. By Order dated July 18, 1988, this Court granted plaintiff's motion for summary judgment and remanded the case to the Secretary to develop a complete record and make a second determination of plaintiff's eligibility. On May 2, 1989, the Secretary issued a favorable decision for plaintiff. Thus, plaintiff is a "prevailing party" within the meaning of the EAJA. *Texas State Teachers Association v. Garland Independent School District*, — U.S. —, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (In order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action).

■ The EAJA provides for the award of fees and other expenses to a prevailing party "incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, unless the Court finds that the Secretary's position was "substantially justified" or that special circumstances exist, plaintiff's request for fees and expenses must be granted. To be "substantially justified," the Secretary's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, —, 108 S.Ct. 2541, 2543, 101 L.Ed.2d 490, 504 (1988).

Before plaintiff finally prevailed at the administrative level, this Court granted her motion for summary judgment after finding that the administrative law judge ("ALJ") had completely ignored controlling Eighth Circuit precedent, *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984), concerning the proper evaluation of plaintiff's subjective complaints of pain. Additionally, the

Court found that the ALJ had also ignored the reports of several doctors and "inject[ed] his own 'knowledge' regarding medical matters into the record." *Burkart v. Bowen*, N. 86-4794-CV-C-9-3, slip op. at 4 (W.D.Mo. July 18, 1988). The Court remanded the case to the Secretary "for completion of the record and redetermination of plaintiff's eligibility." *Id.* at 5.

Plaintiff was awarded benefits only after a second ALJ made a proper record and evaluated all of the relevant evidence in accordance with the controlling law. The Secretary points to the evidence that was before the first ALJ and argues that on the basis of that evidence, the ALJ's decision to deny benefits was a reasonable one. First, that the ALJ made *any* decision based on an incomplete record is unreasonable. Second, in evaluating what was before him, the ALJ completely ignored the controlling law of *Polaski*. Such blatant disregard for well-established law is not only *not* "substantially justified," it is positively inexcusable.[1]

■ In addition, the Secretary challenges the $92.00 per hour rate that plaintiff requests but does not challenge the number of hours for which plaintiff has requested compensation. Counsel for plaintiff submitted an affidavit with the application for attorney fees indicating that his "normal hourly rate in cases paid by a cash retainer" is $90.00 per hour. Counsel's justification for the $2.00 per hour increase is that this is not a case in which he received a cash retainer. Apparently, the difference is accounted for on the basis that counsel took this case on a contingency fee basis. Counsel took the case in late 1985, and as of October 2, 1989, the date of his last filing in this case, had still received no compensation for his work on this case.

Whether or not counsel's stated reasons justify an hourly rate that is higher than

---

1. The Secretary has not pointed to any "special circumstances" that would make an award un-

just, and thus, the Court further finds that such circumstances do not exist.

counsel's "normal" hourly rate, *see Cotter v. Bowen*, 879 F.2d 359 (8th Cir.1989) (the contingent fee and the concomitant delay in receiving payment of fees must be considered as factors in determining a "reasonable fee"), counsel has failed to justify a fee higher than the $75.00 per hour (adjusted for inflation) cap imposed by the EAJA. Moreover, plaintiff has completely failed to provide the Court with any data enabling it to adjust the $75.00 rate for inflation. It may well be that the $92.00 rate which plaintiff requests does not really exceed the $75.00 cap, once the cap has been adjusted for inflation. On the present record, however, the Court is unable to determine how much the $75.00 rate should be adjusted for inflation.

The Secretary does not challenge the reasonableness of the plaintiff's itemized expenses in the amount of $776.40, which the plaintiff will receive, in addition to $75.00 per hour for 39.75 hours of work. Therefore, it is hereby ORDERED that plaintiff's request for fees and expenses is GRANTED. So that the Court has all of the information that it needs to adjust the $75.00 per hour rate for inflation, plaintiff is directed to submit to the Court within ten (10) days of the date of this Order, a short brief detailing the method she believes is appropriate for calculating the adjustment for inflation. The Secretary shall then have an additional five (5) days in which to respond in writing to the plaintiff's brief.

IT IS SO ORDERED.