Dolores J. FERGASON, (S.S.N. 490–30–5744), Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 88–0643–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Aug. 27, 1991.

Susan J. Fershee and Dennis W. Jennings, Kansas City, Mo., for plaintiff.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER

WHIPPLE, District Judge.

Before this court is plaintiff's Motion for Attorney's Fees, filed June 13, 1991, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion has been fully briefed by the parties. For the reasons set forth below, plaintiff's motion will be denied.

## I. BACKGROUND

On September 8, 1986, plaintiff Dolores J. Fergason ("Fergason") filed an application for a period of disability and disability insurance benefits, pursuant to 42 U.S.C. § 423. Fergason's application was denied initially and on reconsideration. She subsequently requested, and received, a hearing before an Administrative Law Judge ("ALJ"). On October 29, 1987, the ALJ issued his decision, finding in part for and in part against Fergason. The ALJ held that Fergason was entitled to a period of disability and disability benefits commencing May 1, 1986 and not commencing October 1984, as Fergason had claimed. Fergason sought review of the ALJ's finding that the period of disability did not commence until May of 1986. The Appeals Council denied Fergason's request for review of the ALJ's decision. On July 18, 1988, Fergason appealed from the final decision of the Secretary, pursuant to 42 U.S.C. § 405(g).

On appeal, Fergason raised two grounds for review of the Secretary's decision: 1) the Secretary's conclusion that Fergason could perform "light work" prior to May 1, 1986 was not supported by substantial evidence; and 2) the Secretary failed to meet his burden of proof by establishing that there were jobs Fergason could perform between October 1984 and May 1986. As to the second ground, Fergason argued that the Secretary erred when he failed to elicit testimony from a vocational expert pertaining to Fergason's ability to perform other work in the economy, once it was determined she was unable to perform a full range of light work as of October 1984. Instead, the Secretary erroneously relied on the vocational guidelines, or grids, to meet his burden of proof that Fergason could perform other work. Memorandum in Support of Motion for Judgment at 22–24.

In lieu of filing an answer to Fergason's motion for judgment, the Secretary filed a motion to remand. In support of his motion, the Secretary acknowledged that an error had been committed. The Secretary requested that the case be remanded so that he could obtain the testimony of a vocational expert.[1] The Secretary offered the following explanation for his failure to elicit pertinent testimony from the vocational expert:

> The Secretary continues to make every effort to insure that his decision complies with Eighth Circuit law. The circumstances that make remand necessary were not discovered until the case reached legal counsel for briefing. Remand in this situation is appropriate.

Defendant's Motion to Remand at 1. Fergason objected to the Secretary's request for remand. She contended that a remand in this case was not necessary "because the case as a whole establishes the claimant's eligibility for those benefits and should re-

---

**1.** The Secretary did not request leave to remand pursuant any particular provision of 42 U.S.C. § 405(g). Rather, the Secretary cited to *Bastien v. Califano,* 572 F.2d 908 (2d Cir.1978) for the proposition that where the Secretary has failed to consider all the relevant evidence in reaching his decision, "reversal alone is not appropriate, but should be accompanied by a remand to afford the Secretary the opportunity to adduce additional evidence ... to counter [plaintiff's] showing of disability." *Id.* at 913.

sult in an outright reversal." [2] Memorandum in Opposition to Defendant's Motion for Remand at 3.

In an Order dated March 15, 1989, the court granted the Secretary's motion to remand. The court explained its basis for remanding the case to the Secretary:

> Upon review of the record in this case, the court finds that remand is proper. Unless the case is one in which the outcome would be clear regardless of who bears the burden of proof or in cases where a hearing would simply delay receipt of benefits should the court reverse and award benefits outright....

> Given the record, the court cannot find as a matter of law that the outcome would be clear, despite taking all reasonable inferences in favor of the plaintiff.... Therefore, this case must be remanded to the Secretary for further administrative action required to bring the decision of the ALJ within the parameters of established law.

> Accordingly, it is

> ORDERED that defendant's motion to remand is granted and this case i[s] remanded to the Secretary for further hearings consistent with this order. Upon remand, the Secretary shall elicit expert vocational testimony concerning the extent and nature [of] plaintiff's ability to do "nearly a complete range of light work" (Tr. 26) during the relevant period of time, October 1984 through May 1, 1986.

Order of March 15, 1989 at 3–4 (citations omitted).

Following entry of the order, the Appeals Council vacated its denial of Fergason's request for review, as well as the decision of the ALJ, and remanded the case to the ALJ for further proceedings consistent with the order. Appeals Council Order of April 21, 1989. The case was heard by the ALJ on October 24, 1989. The ALJ subsequently issued an unfavorable decision.

Upon review by the Appeals Council, the case again was remanded to the ALJ to obtain further evidence. Additional evidence was taken by the ALJ on December 13, 1990. On April 25, 1991, the ALJ issued a favorable decision for Fergason. The ALJ concluded that Fergason had been disabled from October 1984 through April 30, 1986 decision. On June 13, 1991, Fergason filed her request for attorney's fee under the EAJA.

In opposition to Fergason's request for attorney's fees, the Secretary argues that her motion is untimely filed in light of the United States Supreme Court's recent decision in *Melkonyan v. Sullivan*, 501 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Under the EAJA, a party seeking an award of fees is directed to submit an application for fees within thirty days of "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). This thirty-day time limit has been held to be jurisdictional in nature. *See Olson v. Norman*, 830 F.2d 811, 821 (8th Cir.1987). In *Melkonyan*, the Supreme Court held that a "final judgment" for purposes of § 2412(d)(1)(B) "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. A "final judgment" does not encompass decisions rendered by an administrative agency, as some courts have held. *See, e.g., Buck v. Secretary of Health & Human Services*, 923 F.2d 1200, 1204 (6th Cir.1991); *Jabaay v. Sullivan*, 920 F.2d 472, 475–6 (7th Cir.1990); *Melkonyan v. Heckler*, 895 F.2d 556, 558–59 (9th Cir.1990).

The Supreme Court also announced in *Melkonyan* that only two types of remands are permitted under 42 U.S.C. § 405(g). The Court identified these as a sentence

---

**2.** Additionally, Fergason argued that the Secretary's assertion he did not know certain testimony was required from the vocational expert was unfounded in light of the Eighth Circuit's decision in *McCoy v. Schweiker*, 683 F.2d 1138 (8th Cir.1982) (en banc). *Id.* at 1–2. Lastly, Fergason contended that the Secretary's request to remand would only serve to delay her receipt of disability benefits. *Id.* at 4.

four[3] and a sentence six[4] remands. This holding is significant for two reasons. First, the Supreme Court had never before indicated that district courts were limited to two means of remanding social security cases under § 405(g).[5] Second, in light of the Supreme Court's construction of "final judgment," the type of remand utilized directly controls when the thirty-day jurisdictional limit starts to run. Under a sentence four remand, where a district court *may* remand a case in conjunction with a (final) judgment "affirming, modifying, or reversing" the Secretary's decision, the Supreme Court held that the period for filing an application for fees begins after the judgment is entered and the appeal period has run, such that the judgment of the district court is no longer appealable. *Melkonyan,* 501 U.S. at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94. Under a sentence six remand, where a district court remands a case to the Secretary without rendering a substantive ruling on the merits of his decision, the Supreme Court held that the period for filing does not begin until "after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs."

Based upon the Supreme Court's dual holding in *Melkonyan,* the Secretary argues that a "final judgment" was entered in this matter on March 15, 1989, when the court remanded the case to the Secretary for further proceedings pursuant to a sentence four remand. That being the case, Fergason had ninety days from March 15,

1989 to file her application for fees under the EAJA. Having waited until June 13, 1991 to file her application, the Secretary contends that Fergason's application should be dismissed as untimely.

In response to the Secretary's argument, Fergason argues that the Supreme Court's decision in *Melkonyan* should not be applied retroactively to this case. Plaintiff's Reply at 2. In support of her position, Fergason relies on the three-part analysis adopted by the Supreme Court for the purpose of determining whether a new principle of law should be given retroactive or prospective effect. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 306 (1971). Fergason notes that one court in the Western District of Missouri has already held, applying the *Chevron Oil* analysis, that the *Melkonyan* holding should be given prospective effect. *See Mautino v. Sullivan,* No. 86–0780–CV–W–6, slip op. at 3, n. 1 (W.D.Mo. July 1, 1991).

The Secretary contends that Supreme Court's recent opinion in *James B. Beam Distilling Co. v. Georgia,* 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) requires that this court apply the ruling in *Melkonyan* to the present case. In a plurality opinion, the Supreme Court held that it is an "error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so.... principles of equality and *stare decisis* here prevail[ ] over any claim based on a *Chevron Oil* analysis." *Id.* at ——, 111 S.Ct. at 2446, 115 L.Ed.2d at 491. The Supreme

**3.** Sentence four of 42 U.S.C. § 405(g) provides:

The court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

**4.** Sentence six of 42 U.S.C. § 405(g) provides:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secre-

tary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision ... which his action in modifying or affirming was based.

**5.** In *Sullivan v. Finkelstein,* 496 U.S. ——, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the Supreme Court initially identified sentence four and sentence six as two "possible" remands under § 405(g). But, as the Court noted in *Melkonyan,* it "did not state explicitly at that time that these were the *only* kinds of remands permitted under the statute, we do so today." *Melkonyan,* 501 U.S. at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 93 (emphasis included in original).

Court applied its new rule of law to the litigants in *Melkonyan*. Therefore, the Secretary contends, *Melkonyan* likewise must be applied to the parties in this case. Alternatively, the Secretary argues that retroactive effect should be given *Melkonyan* even in the event the court should apply the three-part *Chevron Oil* analysis.

## II. DISCUSSION

■ With all due respect to the court's decision in *Mautino*, this court finds that it is compelled to apply the ruling in *Melkonyan* to the case now pending given the Supreme Court's holding in *James B. Beam Distilling*. *See also Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991) (retroactively applied *Melkonyan* without comment).

■ Having determined that *Melkonyan* applies to the parties in this case, the court agrees with the Secretary that Fergason's pending application for attorney's fees is time barred. The court remanded this case pursuant to a sentence four remand.[6] 42 U.S.C. § 405(g). Consequently, Fergason was required to file her application within ninety days from March 15, 1989—the date the court entered its order ("final judgment") remanding the case to the Secretary for further proceedings.

Although the circumstances in this case unequivocally bar claimants such as Fergason from applying for fees, they also lead this court to question how, after *Melkonyan*, a claimant in Fergason's shoes can apply for fees within the appropriate time frame *and*, at the same time, comply with the EAJA's requirement that a claimant be a "prevailing party" at the time s/he files an application. 28 U.S.C. § 2412(d)(1)(A).

The Court of Appeals for the Eighth Circuit has defined a "prevailing party" as one who ultimately succeeds on the merits of the administrative decision appealed to the district court. It is not enough to have won a remand to the administrative level for further proceedings. Rather, the party must at least receive some of the benefits claimed in that initial appeal. If, on the other hand, the party is ultimately awarded benefits only because of an intervening event, then the party is not a prevailing party.

*Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir.1987) (citations omitted); *see also Sullivan v. Finkelstein*, 496 U.S. at ——, 110 S.Ct. at 2666, 110 L.Ed.2d at 577 ("even if a claimant had obtained a remand from the district court, she would not be a 'prevailing party' for purposes of the EAJA until the result of the administrative proceedings held on remand was known"); *Gamber v. Bowen*, 823 F.2d 242, 244 (8th Cir.1987); *Johnson v. Bowen*, 735 F.Supp. 329, 330 (E.D.Mo.1990); *Burkart v. Sullivan*, 729 F.Supp. 669, 670 (W.D.Mo.1990).

As Fergason correctly pointed out in her memorandum supporting her application for fees, she did not become a "prevailing party" until the ALJ issued his favorable ruling on April 25, 1991. At that time, the ALJ finally held that Fergason was disabled between October 1984 and April 30, 1986—which was the issue Fergason had appealed to the district court. In spite of the fact Fergason clearly was not eligible to file an application for fees until after April 25, 1991, *Melkonyan* provides that Fergason only had until June 13, 1989 to file a timely petition under the EAJA.[7] As a consequence of the Supreme Court's reinterpretation of 42 U.S.C. § 405(g), a claim-

---

**6.** The Secretary, without objection from Fergason, identified the court's action as a sentence four remand. Although the court's remand order was not written with the benefit of *Melkonyan* as guidance, the court finds that on review of the briefs submitted on the Secretary's motion for remand, as well as the court's ensuing directive, the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). The court acknowledges that the order did not explicitly state that it was reversing the Secretary's decision. Rather, the order only indicated that it was remanding the case "for further administrative action required to bring the decision of the

ALJ within the parameters of established law." Order of March 15, 1989 at 3. Nevertheless, the court believes that the effect of the remand order was to reverse, or vacate, the initial ALJ decision so as to afford the Secretary an opportunity to reconsider anew Fergason's application for disability benefits. *See* Appeals Council Order of April 21, 1989 (vacating the ALJ's decision following the court's remand order).

**7.** As of June 13, 1989, Fergason's case had not even been reheard by the ALJ. The rehearing did not take place until October 24, 1989.

ant whose case is reversed and remanded for further proceedings likely will find that by the time s/he becomes a "prevailing party" the time for filing has long since run. For, as Fergason noted in her memorandum in opposition to the Secretary's motion to remand, its takes an average of 10.1 months to obtain an ALJ decision after remand and an additional 3.8 months for a final Appeals Council decision.[8] Memorandum in Opposition at 4 (citing to *Court Remands: Analysis and Recommendations*, OHA Office of Policy and Procedures, Division of Appellate Assessments, quoted in *Social Security Forum*, January 1988). These figures run beyond the ninety-day period claimants are afforded for filing.

This court does not suggest that the Supreme Court intended to limit the rights of certain claimants who seek to file legitimate fee applications under the EAJA. However, the practical effect of *Melkonyan* is that certain claimants will be time barred due to the administrative labyrinth they first must transverse before gaining "prevailing party" status. Contrary to the Supreme Court's view that *Melkonyan* "harmonizes" the remand provisions of 42 U.S.C. § 405(g) with the requirements of EAJA, the decision has given rise to a procedural impossibility.

For this reason, the court recommends that the Supreme Court revisit this matter so as to reconcile its holding in *Melkonyan* with the EAJA's "prevailing party" requirement. *Melkonyan* was meant to clarify the process for filing under the EAJA, not turn it on its head.

### III. CONCLUSION

For all the reasons set forth above, it is

ORDERED that plaintiff Dolores J. Fergason's Motion for Attorney's Fees is denied.

---

8. In Fergason's case, the ALJ issued his first decision following the court's remand order on November 30, 1989 (eight and a half months after the court remanded the case to the Secretary). The Appeals Council did not issue its decision until July 6, 1990 (just over seven months later). Fergason had requested review by the Appeals Council on December 20, 1989.