941 F.2d 674
 34 Soc.Sec.Rep.Ser. 375, Unempl.Ins.Rep. (CCH) P 16191A
Evelyn R. WELTER, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services of the United States, Appellee.
Lee D. BOOTON, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services of the United States, Appellee.
Fred G. LINT, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services of
the United States, Appellee.
 Nos. 90-2559SI, 90-2725SI, 90-2836SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1991.
Decided Aug. 9, 1991.
Rehearing and Rehearing En Banc
Denied Oct. 23, 1991.
 
 Max Schott, Robert W. Pratt, Des Moines, Iowa, for appellant.
 Sandra L. Wallace, Kansas City, Mo., John E. Beamer and Richard L. Richards, Des Moines, Iowa, and Jamie G. Crawford and Nancy K. Born, Kansas City, Mo., for appellee.
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 FAGG, Circuit Judge.
 Evelyn R. Welter, Lee D. Booton, and Fred G. Lint (the claimants) appeal separate district court orders denying their applications for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1988). Because the three appeals present common issues, we decide them in a single opinion. We affirm.
 
 
 1
 The claimants' applications seeking attorney's fees under EAJA are based on the claimants' successful pursuit of social security disability benefits. Initially, the Secretary of Health and Human Services denied each claimant's application for benefits. Following their losses at the administrative level, the claimants individually sought judicial review in the same district court. The district court concluded the Administrative Law Judges (ALJs) who had reviewed the claimants' applications for benefits either failed to: fully develop the record; include all of the claimants' relevant impairments in the hypothetical questions posed to the vocational experts; explore the possibility of a psychological explanation for some of the claimants' impairments; or properly evaluate the evidence presented. Based on these flaws in the ALJs' methodologies, the district court remanded the cases to the Secretary for further proceedings, without suggesting the Secretary's positions were unreasonable. On remand, the Secretary awarded benefits to each claimant.
 
 
 2
 Before we can address the merits of the claimants' appeals, we must decide whether we have subject matter jurisdiction. A party seeking an award of attorney's fees under EAJA must file a fee application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B) (1988). We lack jurisdiction to consider the merits of fee applications filed beyond this time limit. Olson v. Norman, 830 F.2d 811, 821 (8th Cir.1987). The parties agree that sentence four of 42 U.S.C. § 405(g) governs their cases. Thus, the Secretary argues the claimants' appeals are untimely because the claimants filed their fee applications more than ninety days after the district court remanded the claimants' cases to the Secretary for further proceedings. See Melkonyan v. Sullivan, --- U.S. ----, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991). We disagree.
 
 
 3
 We think the Secretary misconstrues the district court's orders. Without dictating the claimants should receive benefits, the district court returned the cases to the Secretary for further administrative proceedings because the Secretary committed legal and factual errors in evaluating their claims. In our view, the district court's orders are not final "judgment[s] ... modifying or reversing the decision[s] of the Secretary." 42 U.S.C. § 405(g) (1988) (sentence four); see Sullivan v. Hudson, 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). We believe the district court retained jurisdiction of the claimants' cases and planned to enter dispositive sentence four judgments after the Secretary reevaluated the claimants' applications for benefits. See Hudson, 109 S.Ct. at 2254-55; Robertson v. Sullivan, 925 F.2d 1124, 1125-26 (8th Cir.1991); Taylor v. Heckler, 778 F.2d 674, 677 n. 2 (11th Cir.1985). This view is supported by the fact the claimants did not become prevailing parties eligible for attorney's fees until the Secretary reevaluated their cases and awarded them benefits. Hudson, 109 S.Ct. at 2254-55. Because the parties did not report to the district court after the Secretary awarded benefits to the claimants, no final judgments have been entered. Nevertheless, the district court ruled on the claimants' fee applications. We see no useful purpose in remanding the claimants' cases to the district court for entry of postremand judgments, and now turn to the merits of the appeals before us. See Auke Bay Concerned Citizen's Advisory Council v. Marsh, 779 F.2d 1391, 1393 (9th Cir.1986) (fee applications filed before final judgments are timely).
 
 
 4
 Under EAJA, courts must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. See 28 U.S.C. § 2412(d)(1)(A) (1988). The Secretary bears the burden of proving the denial of benefits was substantially justified. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986) (per curiam). To establish substantial justification, the Secretary must show the denial had a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565-66, 108 S.Ct. 2541, 2550-51, 101 L.Ed.2d 490 (1988). This means the Secretary's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorney's fees. Id. at 565, 108 S.Ct. at 2550. We review the district court's decision that the Secretary's position was substantially justified for abuse of discretion. Id. at 563, 108 S.Ct. at 2549.
 
 
 5
 The claimants contend they are entitled to attorney's fees based on the district court's holding that the Secretary's decisions to deny their claims were not supported by substantial evidence. Essentially, the claimants equate the substantial evidence and substantial justification standards, making a fee award automatic when a claimant wins a contested claim for benefits. This contention is misplaced. Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987) (per curiam); Jackson, 807 F.2d at 128-29; see also Pullen v. Bowen, 820 F.2d 105, 108 (4th Cir.1987).
 
 
 6
 The district court correctly recognized that "fees are not be awarded just because the Secretary [loses a] case." Brouwers, 823 F.2d at 275. The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. See id.; Jackson, 807 F.2d at 128-29. This is so because the substantial evidence and substantial justification standards are different. Jackson, 807 F.2d at 128-29; Broussard v. Bowen, 828 F.2d 310, 311-12 (5th Cir.1987); Pullen, 820 F.2d at 108; Federal Election Comm'n v. Rose, 806 F.2d 1081, 1087 (D.C.Cir.1986); Couch v. Secretary of Health & Human Servs., 749 F.2d 359, 360 (6th Cir.1984) (per curiam). Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. Clarke v. Bowen, 843 F.2d 271, 272 (8th Cir.1988). In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. Pierce, 487 U.S. at 559, 108 S.Ct. at 2547; Broussard, 828 F.2d at 312. Because the standards are "neither semantic nor legal equivalents," Broussard, 828 F.2d at 311, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees, id. at 312.
 
 
 7
 Keeping these principles in mind, we turn to the record to determine whether the district court abused its discretion in holding the Secretary's position was substantially justified. If the Secretary was reasonable in denying the claimants' claims for benefits, the Secretary's position was substantially justified and the claimants are not entitled to attorney's fees. Having reviewed the record in each of the claimant's cases, we believe "at least one permissible view of the evidence" shows a reasonable basis in law and fact for the Secretary's position that the claimants were not entitled to benefits. Jackson, 807 F.2d at 130. The Secretary relied on opinions of treating physicians, contradictory evidence of pain and limitations, and inconsistent evidence of the claimants' activities to support the denial of benefits in the claimants' cases. Like the district court, we recognize the cases were close. Closeness itself is evidence of substantial justification. Id. at 129-30 (citing Donovan v. DialAmerica Mktg., Inc., 757 F.2d 1376, 1389 (3d Cir.), cert. denied, 474 U.S. 919, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985)). Because the district court did not abuse its discretion in holding the Secretary's position was substantially justified, the district court properly denied the claimant's applications for attorney's fees under EAJA.
 
 
 8
 Accordingly, we affirm.