

Joan H. Deans, Raytown, Mo., Dennis W. Jennings, Kansas City, Mo., for plaintiff.

Edward H. Funston, U.S. Atty's Office, Paul P. Cacioppo, Chief Counsel, Region VII, Health & Human Services, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before the Court is Plaintiff Bernice Merryman's renewal of her motion for attorneys' fees, filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412. Plaintiff requests attorneys' fees in the amount of eight thousand one hundred sixty-four dollars and eight cents ($8,164.08) and costs in the amount of two hundred ten dollars and fifty cents ($210.50). These fees and expenses are itemized in an affidavit submitted by plaintiff's counsel, who affirms that they were incurred by this civil litigation. Defendant has filed no response to the present motion. Plaintiff's motion will be granted, for the reasons stated below.

Previously, both parties briefed the Court on the issues of whether the Court had entered judgment in this action and whether plaintiff's EAJA application was timely under the recent decision in *Melko-*

**Bernice L. MERRYMAN, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 89–0316–CV–W–5.**

United States District Court,
W.D. Missouri, C.D.

Dec. 5, 1991.

*nyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). This Court ruled that it had not intended to enter final judgment and, thus, the EAJA application was premature. The Court then entered final judgment and later, on August 27, 1991, denied defendant's motion to alter or amend. The time for appeal has now run and plaintiff's previously premature application may now be considered.

Plaintiff filed this action on April 11, 1989, seeking review of the final decision of the Secretary which denied plaintiff's claim for Social Security benefits. In the Order entered December 1, 1989, this Court directed the Secretary to conduct further proceedings consistent with the law of this circuit; the Court granted defendant's motion to remand. In his motion to remand, defendant admitted that all of the evidence had not been considered, that further consultative examinations were required, and that updated records were needed. The Court noted that plaintiff's medical history was substantial and supplied some of the information that defendant said was lacking. However, in an effort to defer to the Secretary, the case was remanded.

The Secretary did not issue a final decision until May 22, 1991, nearly three and one-half years after plaintiff's initial application for benefits. This case is a perfect example of the considerable delays this Court has frequently seen in the Secretary's handling of Social Security claims. Because of these delays, this Court, and many other courts within this circuit, had taken to a practice of retaining jurisdiction while the case was remanded. *See e.g., Robertson v. Sullivan,* 925 F.2d 1124 (8th Cir.1991).

Final judgment was not entered in this case until July 24, 1991. Remand was necessary because the Secretary has committed factual and legal errors within the administrative record, which prevented the Court from evaluating the complete record. Based on the record in this case, the Court was unable to enter an order "affirming, modifying, or reversing the decision of the Secretary" because the Secretary had failed to satisfy his legal burden to fully consider plaintiff's combined, nonexertional impairments, to fully evaluate the record, and to obtain necessary consulting examinations.

This Court's decision concerning "final judgment" followed the Eighth Circuit's recent decision in *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991), *reh'g denied,* 1991 WL 149701, 1991 U.S.App.Lexis 24930 (Oct. 23, 1991). In *Welter,* the Eighth Circuit ruled that a district court's remand for further proceedings did not result in a "final judgment" and the court proceeded to evaluate the EAJA application. *Id.* at 676 (affirming the denial of fees because Secretary's position was substantially justified). This Court's decision is consistent with its reading of *Melkonyan,* where the Supreme Court required that a district court must enter final judgment before the Equal Access to Justice Act time period begins to run. — U.S. at ——, 111 S.Ct. at 2161 ("the court before which the civil action is pending must render the 'final' judgment that starts the running of the 30-day EAJA filing period").

Under the EAJA, the prevailing party may obtain attorney's fees in an action brought against the United States for judicial review of an agency's action, unless the United States' position was substantially justified. 28 U.S.C. § 2412(d). Plaintiff may also recover compensation for hours worked during the administrative process, where those proceedings are "an integral part of the 'civil action.'" *Sullivan v. Hudson,* 490 U.S. 877, 894–95, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989).

The Court has reviewed plaintiff's application and the record. Plaintiff is a prevailing party. The hours (78.20 hours), the hourly fee rate ($104.40), and the costs ($210.50) are reasonable. Although defendant has argued the point of timeliness under *Melkonyan,* he has not contested the amount of hours, the fees, or the costs. Nor has he attempted to satisfy his burden of proving that his position was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) (per curiam) (Secretary has burden of proof). The record reveals that the Secretary's position

was not substantially justified, particularly in light of well-established law in this circuit.

Thus, it is hereby

ORDERED that plaintiff's application for attorney's fees is granted. It is further

ORDERED that plaintiff is awarded attorney's fees, under the Equal Access to Justice Act, in the amount of $8,164.08 and expenses in the amount of $210.50.