**Kevin SESKER, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

**No. 90–4395–CV–C–5.**

United States District Court,
W.D. Missouri,
Central Division.

Dec. 9, 1991.

Larry O. Denny, Kansas City, Mo., for plaintiff.

Gay L. Tedder, U.S. Atty's. Office, Kansas City, Mo., for defendant.

ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before the Court is plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In support of his motion, plaintiff asserts that he is a prevailing party, that the position of the defendant ("the Secretary") was not substantially justified and that there are no special circumstances which make an award unjust. For the following reasons, plaintiff's motion is granted.

*Background*

Plaintiff filed his motion for summary judgment on March 16, 1991. The Secretary filed his cross-motion for summary judgment on April 4, 1991. On July 2, 1991, this Court granted plaintiff's motion for summary judgment and denied defendant's motion. This Court remanded the matter to the Secretary for proper credibility determinations of lay testimony and affidavits. In view of the decision in *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), this Court stated that the remand was pursuant to sentence four of 42 U.S.C. § 405(g) and directed the Clerk of Court to enter final judgment on the matter. Order at 9. Thus, as of this Court's July 2, 1991 Order and the July 2, 1991 entry of judgment, the time for appeal started running. Plaintiff filed his application for attorney fees in a timely manner on July 18, 1991.

*Discussion*

1. *Prevailing party*

■ This Court's July 2, 1991 Order came before the Eighth Circuit's decision in *Welter v. Sullivan*, 941 F.2d 674 (1991).

In that case the Eighth Circuit found that a district court's remand to the Secretary is not a final judgment divesting the district court of jurisdiction if the district court does not rule substantively on the merits. *Id.* at 675. That is, if the district court does not affirm, modify or reverse the Secretary's decision, the district court retains jurisdiction during remand. The district court would not enter a final judgment until after the remand, when it would affirm, modify or reverse the Secretary under 42 U.S.C. § 405(g).

The distinction drawn by the *Welter* court is decisive in its effect on EAJA attorney fees. In order for a party to win fees under the EAJA, that party must prevail. However, when the district court remands a case to the Secretary but does not rule on the merits of the case (i.e., affirm, modify or deny it), plaintiff does not know whether he is a prevailing party until after the remand. Under current Eighth Circuit law, winning a remand is not enough to make plaintiff a prevailing party. To "prevail," plaintiff must be awarded benefits. *Brouwers v. Bowen*, 823 F.2d 273, 275 (1987).

Under a strict interpretation of *Melkonyan*, the district court loses jurisdiction over the case when it remands to the Secretary unless the remand is pursuant to sentence six of 42 U.S.C. § 405(g). The only other remand possible is under sentence four of that section. 111 S.Ct. at 2165. This Court strictly adhered to *Melkonyan* in its July 2, 1991 Order by stating that the remand was, de facto, pursuant to sentence four, even though this Court did not affirm, modify or deny the Secretary's decision.

This case presents a problem not contemplated by Justice O'Connor in *Melkonyan*. District courts have often remanded cases to the Secretary without making a substantive determination (a substantive determination being necessary for a true "sentence four" remand) and without finding that there is new evidence for the Secretary's consideration (a "sentence six" remand). Courts have often remanded cases because the Administrative Law Judge ("ALJ")

made some error in developing the record. ALJs often fail to make credibility findings, fail to call vocational experts when necessary, fail to obtain relevant medical records, give more weight to a consulting physician than to a credible treating physician and weigh the evidence in a manner inconsistent with Eighth Circuit law. The Eighth Circuit contemplated these "nonsubstantive" types of remands in *Welter*, and has stated on other occasions its dismay with the ALJs' failure to follow circuit law. *See Kirksey v. Heckler*, 808 F.2d 690, 692–93 (1987). However, *Melkonyan* provides for only two types of remands: remand for consideration of new evidence under sentence six and remand after affirming, modifying or denying the Secretary's decision.

This discussion is highly relevant to plaintiff's application for attorney fees in this case. Under a strict interpretation of *Melkonyan*, in this case where this Court granted summary judgment before the Eighth Circuit's decision in *Welter*, this Court's jurisdiction ended as of the July 2, 1991 remand and the time for appeal started to run. However, plaintiff will not find out whether he is a prevailing party under Eighth Circuit law until after the Secretary gives him a new hearing, which could take years. Thus, if plaintiff waits until he is a prevailing party, his application for attorney fees will not be timely. If plaintiff makes a timely filing for attorney fees, which he did in this case, he will not be a prevailing party under current Eighth Circuit law. This court sees the paradox existing in this case as one which will occur repeatedly under a strict application of *Melkonyan*. This Court notes that the *Welter* decision may provide an interim solution, but the dilemma created by the *Melkonyan* decision will remain until the Supreme Court issues another opinion.

In view of the foregoing, the Court finds that plaintiff is a prevailing party because he won the relief he requested, a remand. The Secretary did not meet his burden in showing by substantial evidence that plaintiff can perform other gainful activity. Plaintiff has prevailed by winning summary judgment in the district court. The

court respectfully notes that this finding is contrary to current Eighth Circuit law. It is the hope of this Court that the Eighth Circuit will take this opportunity to provide the district courts with more guidance in dealing with awards of social security benefits and EAJA attorney fees in light of the *Melkonyan* and *Welter* decisions.

### 2. *Substantial justification*

Under the EAJA, a prevailing party other than the United States will be awarded attorney's fees if the position of the United States was not "substantially justified," unless special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The test as to whether the United States' position is "substantially justified" is one of reasonableness. *Cornella v. Schweiker*, 728 F.2d 978, 982 (8th Cir.1984). Though various courts have stated the issue somewhat differently, *see Pierce v. Underwood*, 487 U.S. 552, 563–68, 108 S.Ct. 2541, 2549–51, 101 L.Ed.2d 490 (1988) (discussion of courts' definitions of "substantially justified"), the Eighth Circuit has recently clarified the standard used in this Circuit. "The question is whether the underlying agency decision ... and the government's litigation position in defense of that decision were 'clearly reasonable, well-founded in law and fact, solid though not necessarily correct.'" *Kelly v. Bowen*, 862 F.2d 1333, 1337 (8th Cir.1988) (quoting *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986)).

The United States, under the EAJA, bears the burden of showing that its position, both in the agency decision and in litigation, is substantially justified. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir.1985). Although the government bears the burden of proving the reasonableness of its position in the administrative and judicial proceedings, denial of fees under the EAJA is appropriate where at least one permissible view of the evidence is that the government has shown a reasonable basis in fact and law for its position. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986).

In this case, the Secretary has not met his burden of proving that there is other substantial gainful activity which plaintiff can do. Order of July 2, 1991. Further, the United States has not proved the reasonableness of the administrative proceedings. Here, the ALJ failed to set forth specific reasons supporting his determination that plaintiff's subjective complaints were not credible. The ALJ also failed to make credibility findings when he discounted the testimony of plaintiff's mother and when he discounted the affidavits filed on behalf of plaintiff. For these reasons, the Court finds that the Secretary's position was not reasonable and, thus, not substantially justified.

For the above reasons, it is hereby

ORDERED that plaintiff's application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 is granted. It is further

ORDERED that plaintiff is granted an award of attorney fees in the amount of $1,730.