787 F.Supp. 172 (1992)
Albert WINN, Plaintiff,
v.
Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.
No. N89-098C.
United States District Court, E.D. Missouri, N.D.
April 6, 1992.
*173 Timothy C. Harlan, Columbia, Mo., for Winn.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for Sullivan.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court on Plaintiff's motion to dismiss and Plaintiff's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. This Court grants Plaintiff's motion to dismiss and denies without prejudice Plaintiff's EAJA application because it is premature.
On February 29, 1988, Plaintiff Albert Winn filed applications for disability benefits under Title II of the Social Security Act and for supplemental security income (SSI) benefits under Title XVI of the Act. Plaintiff alleged he had been disabled since September 1, 1987. Plaintiff's applications were denied. On February 24, 1989, an administrative law judge (ALJ) affirmed the denial. On July 7, 1989, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.
On July 26, 1989, Plaintiff filed his complaint in this Court. On December 13, 1989, Plaintiff filed a motion for summary judgment. On March 15, 1990, Defendant Secretary of Health and Human Services (hereinafter Secretary) moved to remand the case to the Secretary for clarification. Plaintiff did not object to the Defendant's motion to remand. On April 4, 1990, the Court granted Defendant's motion to remand. On March 11, 1991, an ALJ issued a decision fully in favor of Plaintiff. That decision became the final decision of the Secretary when the Appeals Council did not assume jurisdiction within 60 days. 20 C.F.R. § 404.984(d). On May 7, 1991, Plaintiff moved to dismiss his complaint in order that the Court be able to consider Plaintiff's EAJA application for attorney fees, which was filed on May 28, 1991.
The EAJA requires a party seeking an award of fees to file an application with the Court within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B). The thirty day time limit is jurisdictional in nature. See Olson v. Norman, 830 F.2d 811, 821 (8th Cir.1987). A final judgment is one that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).
This case presents this Court with two central issues. First, whether Plaintiff's EAJA application for attorney fees is timely under the recent Supreme Court decision of Melkonyan v. Sullivan, ___ U.S. ___, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). That case addresses when a judgment becomes "final," and thus when the thirty day clock begins to run, under the EAJA. Second, if Plaintiff's EAJA application is indeed timely, this Court must address whether the position of the United States was "substantially justified."
*174 Defendant contends that Plaintiff's request for attorney fees should be denied because his EAJA application was untimely. Defendant argues that, under Melkonyan v. Sullivan, this Court's order of April 4, 1990 (remanding this case to the Secretary for further proceedings) constitutes a "final judgment" under the EAJA. As such, the thirty day EAJA clock began to run upon the expiration of the sixty day appeal period. Because Plaintiff did not file his EAJA application until May 28, 1991, well beyond ninety days after the order April 4, 1990, Defendant argues that Plaintiff's application is untimely and should therefore be denied. Plaintiff insists that even if Melkonyan applies,[1] the remand order was not a "final judgment" under the EAJA.[2]
Under a strict reading of Melkonyan v. Sullivan, which was decided after this Court's order of April 4, 1990, the Supreme Court recognized only two types of remands under 42 U.S.C. § 405(g). Melkonyan v. Sullivan, ___ U.S. ___, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991). Under the fourth sentence of § 405(g), a court may remand a case to the Secretary after affirming, modifying, or denying the Secretary's decision. Id. "In sentence four cases, the filing period begins after the final judgment (`affirming, modifying, or reversing') is entered by the court and the appeal period has run." Id. Thus, in sentence four remands, the district court loses jurisdiction over the case upon remand. In this manner, the decision becomes "final." Alternatively, under the sixth sentence of § 405(g), a court may remand for consideration of new evidence. Unlike sentence four remands, a district court retains jurisdiction over the case in sentence six remands. "In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." Id. Sentence six remands require that the claimant submit additional evidence that might have changed the outcome of the prior proceeding. Id. 111 S.Ct. at 2163. Sentence six remands also require the Secretary to return to the district court and file additional findings of fact, the decision, and a transcript of the additional record. Id. As grounds for characterizing the remand of April 4, 1990, as a sentence four remand, Defendant points to the language of the order[3] and to the absence of additional evidence submitted by Plaintiff as a basis for remand.
This and other cases have presented a problem not contemplated in Melkonyan. "District courts have often remanded cases to the Secretary without making a substantive determination (a substantive determination being necessary for a true `sentence four' remand) and without finding that there is new evidence for the Secretary's consideration (a `sentence six' remand)." Sesker v. Sullivan, 779 F.Supp. 1042, 1043 (W.D.Mo.1991). The Eighth Circuit recognized such a "non-substantive" remand in Welter v. Sullivan where the district court remanded a case without either a substantive determination or a finding of new evidence. Welter v. Sullivan, 941 F.2d 674, *175 675 (8th Cir.1991). The court avoided Melkonyan to the extent Melkonyan mandates that a remand be strictly characterized as either a sentence four or sentence six remand. The court reasoned that "[w]ithout dictating the claimants should receive benefits, the district court returned the cases to the Secretary for further administrative proceedings because the Secretary committed legal and factual errors in evaluating their claims. In our view, the district court's orders are not final `judgment[s].'" Id. Indeed, the Welter court seems to have implicitly recognized the remand in that case as a sentence six remand even though both parties agreed sentence four governed. Id.
Similarly, the court in its order of April 4, 1990, did not make a substantive finding. Rather, it merely remanded the case to the Secretary based on Defendant's motion, which identified inconsistencies in the ALJ's decision and the need for an assurance of conformity with Eighth Circuit law. (Memorandum in Support of Defendant's Motion to Remand, 1-2). Thus, even if required under a strict reading of Melkonyan to characterize the order of April 4, 1990, as either a sentence four or a sentence four remand, that order most easily fits into the sentence six pigeonhole. Furthermore, this Court finds ample precedent within this circuit to find an intent in the April 4 order to retain federal court jurisdiction. Welter, 941 F.2d at 675; Sesker v. Sullivan, 779 F.Supp. 1042 (W.D.Mo.1991); Underwood v. Sullivan, No. 89-4398-CV-C-5 (W.D.Mo., July 24, 1991); Smith v. Sullivan, 1991 WL 16034, *2 (E.D.Ark., February 6, 1991). See also Robertson v. Sullivan, 925 F.2d 1124, 1125 (8th Cir. 1991) (recognizing the practice of retaining jurisdiction while a case was on remand for further proceedings consistent with the district court's order).
Finally, it is important to note the catch-22 Plaintiff would find himself in were this Court to characterize the order of April 4, 1990, as a sentence four remand under a strict application of Melkonyan. On the one hand, Plaintiff did not become a prevailing party under the EAJA until the Secretary reevaluated his claim and awarded him benefits on March 1, 1991. Sullivan v. Hudson, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254-55, 104 L.Ed.2d 941 (1989). On the other hand, were the remand of April 4, 1990, characterized as a sentence four remand, the period during which Plaintiff could submit an EAJA application expired well before Plaintiff could do so based on his status as prevailing party. Such is the paradox of a strict application of Melkonyan to cases of "non-substantive" remands. Welter, 941 F.2d at 675; Sesker, 779 F.Supp. at 1043; Fergason v. Sullivan, 771 F.Supp. 1008, 1012-13 (W.D.Mo.1991). To allow this catch-22 to operate would vitiate the purposes behind the EAJA. The Eighth Circuit's Welter solution is therefore applicable to the present case.[4]See also Sullivan v. Hudson, 490 U.S. at 887, 109 S.Ct. at 2255 (the remanding court in a non-substantive remand situation continues to retain jurisdiction over the action within the meaning of the EAJA, and may exercise that jurisdiction to determine if its legal instructions on remand have been followed).
No final judgment has yet been entered in this case. A judgment becomes final under the EAJA in a case such as this only when the parties report back to the district court, after reevaluation and a ruling by the Secretary, for a dispositive sentence four ruling by the district court. Melkonyan, 111 S.Ct. at 2165; Welter, 941 F.2d at 675. Plaintiff's motion to dismiss is presently pending before this Court. Because *176 this Court grants Plaintiff's motion to dismiss, Plaintiff's EAJA application is premature. Id. The judgment is still appealable. Thus, the EAJA thirty day limitation period, which begins after a judgment becomes final and non-appealable, has not even begun to run. Id.; 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2412(d)(1)(B). Therefore, this Court today need not reach the substantive issue under the EAJA as to whether the position of the United States was substantially justified.
In sum, this Court finds that Plaintiff's EAJA application for fees is premature. The application will be ripe only after this Court's judgment dismissing Plaintiff's complaint becomes final and non-appealable pursuant to 28 U.S.C. § 2412(d)(1)(B).
IT IS HEREBY ORDERED Plaintiff's motion to dismiss is GRANTED.
IT IS FURTHER ORDERED Plaintiff's application for attorney fees is DENIED without prejudice.
NOTES
[1] This Court assumes that Melkonyan applies retroactively, as Defendant insists. James B. Beam Distilling Co. v. Georgia, ___ U.S. ___, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991); Welter v. Sullivan, 941 F.2d 674, 675 (8th Cir.1991); Fergason v. Sullivan, 771 F.Supp. 1008, 1012 (W.D.Mo.1991). Plaintiff does not explicitly contest that Melkonyan applies retroactively, but merely asserts that "If Melkonyan is applied this case would be characterized as a sentence six remand." (Plaintiff's Response to Defendants' Report To the Court In Opposition to Plaintiff's Motion to Dismiss, 1).
[2] Presumably, Plaintiff argues that the judgment became final and non-appealable sixty days after the ALJ's decision of March 11, 1991; because Plaintiff filed his EAJA application within ninety days of March 11, 1991, such application is therefore timely. However, to the extent Plaintiff is making this argument, he is in error. A "final judgment" does not encompass decisions rendered by an administrative agency. Melkonyan v. Sullivan, ___ U.S. ___, 111 S.Ct. 2157, 2161, 115 L.Ed.2d 78 (1991).
[3] IS FURTHER ORDERED that Plaintiff's case be and it is remanded to the Secretary for further consideration in accordance with those suggestions set forth in the Secretary's motion.
Winn v. Sullivan, No. N89-98C (E.D.Mo. April 4, 1990), slip op. at 1.
[4] In Fergason v. Sullivan, the court found a remand to the Secretary to be a sentence four remand despite recognizing the injustice of a strict application of Melkonyan, under which "a claimant whose case is reversed and remanded for further proceedings likely will find that by the time s/he becomes a `prevailing party' the time for filing has long since run." Fergason v. Sullivan, 771 F.Supp. 1008, 1012-13 (W.D.Mo. 1991). However, that case is distinguishable on two grounds. First, the court in Fergason did not consider Welter, which was decided only 18 days earlier. Second, in Defendant's motion to remand to the Secretary in that case, the Secretary, "without objection from Ferguson, identified the court's action as a sentence four remand." Id. at 1012 n. 6. No such identification was made in the case at bar.