Paul ISBELL, Plaintiff,

v.

Shirley S. CHATER, Commissioner
of Social Security, Defendant.

No. 4:94CV66 CDP.

United States District Court,
E.D. Missouri,
Eastern Division.

June 5, 1996.

Order Denying Reconsideration
July 31, 1996.

Karen Kraus Bill, Columbia, MO, for Paul E. Isbell.

Paul E. Isbell, Jefferson City, MO, pro se.

Edwin B. Brzezinski, Sr., Asst. U.S. Attorney, St. Louis, MO, for Department of Health and Human Services.

## MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the Court on plaintiff's application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff requests attorney's fees in the amount of $3,343.75, which amount is based on 26.75 hours of attorney time at a rate of $125.00 per hour. In addition, plaintiff seeks copying, postage and telephone costs in the amount of $27.95. Defendant opposes the motion on the grounds that the Commissioner's position was substantially justified and, in the alternative, that plaintiff's requested fees are not reasonable.

The Equal Access to Justice Act (EAJA) entitles a party who prevails against the United States in a civil action to an award of attorney's fees, costs and other expenses. 28 U.S.C. § 2412. Among other requirements under the EAJA, "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . ." *Id.* § 2412(d)(1)(B). In *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court defined the term "final judgment" in the context of an application for disability benefits under the Social Security Act. Under *Melkonyan,* the remand of a social security appeal by a district court pursuant to sentence four of 42 U.S.C. § 405(g) is a final judgment for purposes of the EAJA. *Id.* at 102, 111 S.Ct. at 2165. Therefore, applications for fees and costs under the EAJA must be filed within thirty (30) days of "sentence four" remands.

The Court first notes that, although its Memorandum and Order remanding this case was entered on March 27, 1996, the Court at that time inadvertently failed to identify the remand as a "sentence four" remand. The March 27, 1996 order was corrected *nunc pro tunc* on April 16, 1996, and an amended judgment was entered on that date by which the case was explicitly remanded pursuant to sentence four. Therefore, plaintiff's application for attorney's fees filed on May 13, 1996 is timely under the EAJA.

An otherwise qualified prevailing party is entitled to recover fees and costs under the EAJA "unless the court finds that the position of the United States was substantially justified . . ." 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Welter v. Sullivan,* 941 F.2d 674, 676 (8th Cir.1991). The Commissioner must show that the denial had a reasonable basis in law and fact, *i.e.,* show that the Commissioner's position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565–66, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Commissioner's position can be substantially justified although the denial is unsupported by substantial evidence on the record as a whole. *Welter,* 941 F.2d at 676. Upon review of the record, the Court concludes that defendant has failed to prove that the Commissioner's position was substantially justified. As the Court noted in its March 27, 1996 Memorandum and Order, the ALJ made findings regarding plaintiff's ability to lift that were patently inconsistent and unreasonable. Thus, an award of attorney's fees under the EAJA is warranted.

The EAJA provides for a maximum hourly attorney rate of $75.00 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In this case, plaintiff's attorney supported her request for an hourly rate of $125.00 simply by stating that her normal hourly rate is $125.00. Absent proof

of a cost of living increase or special factors, the Court will apply the statutory rate of $75.00 per hour. *Kelly v. Bowen,* 862 F.2d 1333, 1336 (8th Cir.1988) (upon proper proof, district court may increase from the statutory rate of $75.00).

■ Plaintiff's attorney submitted an itemized billing statement indicating that she spent 26.75 hours preparing plaintiff's case. The Court finds that the 26.75 hours spent by plaintiff's attorney were reasonable for a disability case under the Social Security Act. Therefore, the Court finds that plaintiff is entitled to a reasonable attorney's fee in the amount of $2006.25 ($75.00 × 26.75 hours). In addition, plaintiff's request for costs in the amount of $27.95 will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for attorney's fees under the Equal Access to Justice Act [#23] is granted as modified in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff is awarded attorney's fees and costs under the Equal Access to Justice Act in the amount of Two Thousand Thirty Four dollars and Twenty cents ($2034.20).

### ORDER ON RECONSIDERATION

This matter is before the Court on plaintiff's motion to reconsider the award of attorneys' fees previously entered in this case. The Court previously entered attorneys' fees under the Equal Access to Justice Act based on an hourly billing rate of $75.00 per hour pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff's motion states that counsel did not submit justification for a higher hourly rate because a new statute passed on March 29, 1996, raised the statutory allowable rate under the Equal Access to Justice Act from $75.00 to $125.00. In the alternative plaintiff now wishes to submit evidence based on the consumer price index showing that a higher rate should be awarded.

The statutory rate increase applies only to cases commenced after the date of the enactment of that act. *See* Public Law No. 104–121. Therefore the higher rate does not apply in this case and the Court agrees that

because plaintiff did not raise this issue when he had the opportunity to do so, it is not appropriate for the Court to now increase the hourly rate based on the cost of living index. Plaintiff could have provided this argument in either the original motion or during the time period plaintiff had to respond to the defendant's objection to the original motion, but did not do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of memorandum and order [# 27] is denied.