**John HARPER, Plaintiff,**

v.

**Dr. Louis SULLIVAN, Secretary, Health and Human Services, Defendant.**

**No. 89 C 4374.**

United States District Court, N.D. Illinois, E.D.

Nov. 27, 1991.

Dorie Budlow, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Jack Donatelli, James Anthony Shapiro, U.S. Atty's. Office, Chicago, Ill., for defendant.

MORAN, Chief Judge.

## MEMORANDUM AND ORDER

Plaintiff John Harper (Harper) files two motions against the Secretary of Health and Human Services (Secretary). The first requests this court to retain jurisdiction of plaintiff's administrative action against the Secretary so that a final judgment may be entered. The second requests attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for legal work done in connection with the administrative action. For reasons hereinafter set forth, we grant both motions and now enter a final judgment.

## I. BACKGROUND

This case originated on January 28, 1987, when Harper filed an application with the Secretary for supplemental security income (SSI), pursuant to 42 U.S.C. § 1383, for disabling alcoholism. After two initial denials plaintiff's application was reviewed by an administrative law judge (ALJ) on September 15, 1988. The ALJ determined, pursuant to 20 C.F.R. § 416.1481, that plaintiff was not disabled or, alternatively, that any existing impairment did not impede plaintiff from performing work-related activities. The Appeals Council refused Harper's request for review. Thereafter, pursuant to 42 U.S.C. § 405, plaintiff sought judicial review in this court. On November 8, 1990, finding a lack of substantial evidence to support the Secretary's denial, we remanded the case for further consideration. *See Harper v. Sullivan*, No. 89 C 4374, 1990 WL 186094 (slip op., Nov. 8, 1990).

On July 16, 1991, some eight months after our remand and while the administrative proceedings were still pending, plaintiff filed a motion asking us to retain jurisdiction in light of the recent United States Supreme Court decision in *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).[1] While this motion was being considered plaintiff prevailed in his administrative proceeding. He now urges this court to enter a final judgment and

award attorney fees in the amount of $6,361.20.

## II. DISCUSSION

### A. *Jurisdiction*

The EAJA provides, in pertinent part:

(A) Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having *jurisdiction* of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of *final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a *prevailing party* and is eligible to receive an award under this subsection....

28 U.S.C. § 2412(d)(1)(A), (B) (emphasis added).

Whether Harper can recover attorney fees under the above provision must be viewed in light of *Melkonyan, supra*. In *Melkonyan*, the petitioner was denied SSI disability benefits by the Secretary. As in the instant case, Melkonyan sought judicial review pursuant to 42 U.S.C. § 405(g). Prior to filing his complaint, Melkonyan filed a second application with the Secretary that included new evidence of his disability. The second application was approved. Thereafter, both Melkonyan and the Secretary moved for summary judgment on the initial application. Three months later, at the behest of both parties, the case was remanded for further consideration, without a ruling on either summary judgment motion. One month after the remand, the Secretary granted Melkonyan all the relief

---

**1.** *See, infra,* sec. II–A.

he had originally requested. One year later, Melkonyan applied for attorney fees under EAJA. The district court denied relief, based on its view that the Secretary's initial position was "substantially justified."[2] The Court of Appeals for the Ninth Circuit vacated the district court's judgment but denied Melkonyan relief on other grounds. The appellate court reasoned that a "final judgment," for purposes of triggering EAJA, was not when the district court remanded the case to the Secretary but, instead, was when the Secretary awarded Melkonyan all his requested relief. Since more than 30 days had expired since the Secretary's final decision, Melkonyan was denied attorney fees. *See Melkonyan v. Heckler,* 895 F.2d 556 (9th Cir.1990).

The Supreme Court rejected the appellate court's interpretation of "final judgment" by scrutinizing the language of § 2412. The Court held that " 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan,* 111 S.Ct. at 2162.

The Court then considered whether a final judgment had been entered when the district court remanded Melkonyan's SSI claim to the Secretary. The Court made clear that there were only two types of remands under § 405(g). The first, which must accompany a final judgment, is found in the fourth sentence of § 405(g) (sentence 4), which reads:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secre-

tary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). The Court explained that unlike a sentence 4 remand, where the court must affirm, modify or reverse the Secretary, the sixth sentence of § 405(g) (sentence 6) "does not rule in any way as to the correctness of administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."[3] *Melkonyan,* 111 S.Ct. at 2163. The Court concluded that although a sentence 4 remand must accompany a final judgment, a sentence 6 remand necessarily contemplates further action by the district court. In *Melkonyan,* the parties agreed that the district court did not affirm, modify or reverse the Secretary's decision; therefore, a sentence 4 remand did not take place. What was less clear, however, was whether the district court intended a sentence 6 remand or a dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. The case was remanded to clarify this ambiguity.

In the present case the Secretary argues, with substantial force, that our remand on November 8, 1990 was a final judgment under sentence 4, thereby barring a § 2412 recovery after 90 days had expired (30 days as prescribed by § 2412, plus 60 days to appeal the remand). We agree that *Melkonyan* mandates only two types of remand and that the November 8, 1990 remand was not ordered pursuant to sentence 6 because it was not based on new evidence being presented. Nevertheless, this court did not contemplate a final judgment nor did we affirm, modify or reverse the Secretary's

---

**2.** *See* 28 U.S.C. § 2412(d)(1)(A) *supra.*

**3.** The text of Sentence 6 reads:
The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and *testimony* upon which his action in modifying or affirming was based. 42 U.S.C. § 405(g).

decision as required by sentence 4; instead, we remanded the case for more thorough factfinding. In fact, in response to Harper's motion for summary disposition, we stated that "we do not find that Harper has conclusively established his entitlement to benefits. Accordingly, we deny both motions and the case is remanded to the Secretary for further consideration." *Harper v. Sullivan*, No. 89 C 4374, slip op. at 18, 1990 WL 186094 (Nov. 8, 1990).

Obviously *Melkonyan* leaves some questions unanswered. Specifically, the high court's opinion did not address the scenario presented in the instant case, where the SSI claimant cannot possibly obtain "prevailing party" status and thus recover under § 2412, until the post-remand proceedings have concluded.[4] In almost all cases this window of opportunity will be more than 90 days after the remand. "[W]here a court's remand to the agency for further administrative proceeding does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceeding is known." *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989).

It is, then, clear that a literal application of *Melkonyan* would circumvent what Congress intended when it enacted the EAJA, *i.e.*, to allow an SSI claimant affordable judicial review of certain agency actions. *See Hudson*, 490 U.S. at 883, 109 S.Ct. at 2253. We recognize the ambiguity created by *Melkonyan*, but believe that declining jurisdiction in the present case would be contrary to what the Supreme Court and Congress had in mind. This is especially true when *Melkonyan* is read together with *Hudson*. *Hudson* acknowledged that in many instances "the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA and may exercise that jurisdiction over the action to determine if its legal instructions on remand have been followed by the Secretary." *Hudson*, 490 U.S. at 887–88, 109 S.Ct. at 2255. As a result, "there will often be no final judgment in a claimant's civil action for judicial review until the administrative proceedings on remand are complete."[5] *Id.* at 887, 109 S.Ct. at 2255.

In *Welter v. Sullivan*, 941 F.2d 674 (1991), the Eighth Circuit adjudicated a post-*Melkonyan* case under EAJA. *Welter*, like the instant case, involved a district court remand because the ALJ improperly evaluated the evidence. In rejecting the Secretary's claim that the plaintiff's EAJA petition was barred because the remand was a final judgment over 90 days, the appellate court stated:

> We think the Secretary misconstrues the district court's orders. Without dictating the claimants should receive benefits, the district court returned the cases to the Secretary for further administrative proceedings because the Secretary committed legal and factual errors in evaluating their claims. In our view, the district court's orders are not final 'judgment[s] ... modifying or reversing the decision[s] of the Secretary.' We believe the district court retained jurisdiction of the claimants' cases and planned to enter

---

4. The Seventh Circuit recently recognized this quandary in *Damato v. Sullivan*, 945 F.2d 982 (1991), where, as here, the district court had to remand the case to the Secretary before it could be determined if the claimant prevailed. The appellate court stated that the "[claimant] did not become the 'prevailing party' as required under Section 2412 until after further proceedings at the administrative level. Thus, it would have been pointless for Damato to request EAJA attorney fees at the time of the remand." *Damato*, at 987 n. 2. The court exercised jurisdiction even though a neat sentence 4/sentence 6 classification was not possible, but nonetheless denied EAJA attorney fees because the Secretary's initial denial was "substantially justified."

5. In the absence of express language to the contrary, it could be argued that *Hudson* is no longer good law because it allows for a remand to the Secretary that is clearly neither a final judgment under sentence 4 nor pursuant to the new evidence/good cause requirement of sentence 6. Nevertheless, *Melkonyan* recognized the viability of *Hudson* in situations such as the instant case, where the administrative proceeding is conducted pursuant to the district court's order. *See Melkonyan*, 111 S.Ct. at 2162. While this necessarily seems to create a third type of remand, we believe such a result is preferred and consistent with congressional intent.

dispositive sentence four judgments after the Secretary reevaluated the claimants' applications for benefits.

*Welter,* 941 F.2d at 675 (citations omitted).

■ We agree with the result in *Welter* and now hold that in the absence of contrary direction from the Seventh Circuit or the Supreme Court, when plaintiff's SSI case was remanded to the Secretary for further substantive consideration, such consideration was necessary to determine whether plaintiff would become a prevailing party under EAJA. Therefore, this court retained jurisdiction of the case for purposes of EAJA.

### B. *Fees*

■ Having decided that jurisdiction of Harper's EAJA claim is proper, we now address the nature and amount of attorney fees requested. As stated earlier, EAJA states that "a court shall award" to a prevailing party SSI attorney fees, unless the Secretary's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). "The Secretary bears the burden of proving the denial of benefits was substantially justified." *Welter,* 941 F.2d at 676. Because the Secretary has only responded to plaintiff's jurisdiction memorandum, we presume that the original denial of benefits was not substantially justified. This presumption is also consistent with the reason for the remand, *i.e.,* that the Secretary's position was not supported with substantial evidence. *See Harper v. Sullivan,* No. 89 C 4374, 1990 WL 186094 (slip op. Nov. 8, 1990).

Harper requests a total of $6,361.20, representing $5,607.90 for work done before this court and $753.30 for work done before the Secretary. This equals 57 hours of legal work at a rate of $75 per hour (the statutory maximum), plus a 38.8 percent cost-of-living adjustment, as allowed in 28 U.S.C. § 2412(d)(2)(A)(ii).

■ Harper's fee request is approved as a reasonable one. *See Gavette v. Office*

---

6. *Jean* overruled *Continental Web Press, Inc. v. NLRB,* 767 F.2d 321 (7th Cir.1985), which had held that EAJA attorney fees could not be recovered for work done in preparing the fee petition

*of Personnel Management,* 788 F.2d 753, 755 (Fed.Cir.1986). The portion of the total fee for work done in the post-remand proceeding is allowable because those proceedings were "so intimately connected with the judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." *Hudson,* 490 U.S. at 892, 109 S.Ct. at 2257. Also, the Supreme Court has made clear that an SSI claimant may recover attorney fees for work done in preparing the application. See *Commissioner, INS v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).[6]

### CONCLUSION

For the foregoing reasons, plaintiff's motion to retain jurisdiction of his SSI claim is granted with the entry of a final judgment recognizing plaintiff as the prevailing party. Also, plaintiff's motion for attorney fees in the amount of $6,361.20, pursuant to EAJA, is granted.

unless the government's position in opposing the petition was without substantial justification. *Id.* at 324.