**Beatriz BORONAT, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 90–0748–Civ.**

United States District Court,
S.D. Florida.

Jan. 7, 1992.

Rogelio R. Oliver, Coral Gables, Fla., for plaintiff.

Robert K. Senior, Asst. U.S. Atty., Miami, Fla., for defendant.

## ORDER GRANTING FINAL JUDGMENT

ARONOVITZ, Senior District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Final Judgment, file dated September 9, 1991.

Having considered the Motion, response, replies, and the pertinent portions of the record, and being otherwise fully advised in the premises, THE COURT herein files the following Memorandum Opinion.

## MEMORANDUM OPINION

*Background*

Plaintiff Beatriz Boronat filed an application for social security disability benefits on August 9, 1977. Plaintiff's application, which alleged disability as a result of Cushing's disease, brain tumor, problems with adrenal glands, diabetes insipidus, and double vision, was granted by the Social Security Administration. On March 29, 1988, after a continuing disability review of plaintiff's claim, the Social Security Administration found that plaintiff had ceased being disabled as of March 1988, and consequently, was no longer eligible to receive disability benefits. On March 6, 1989, a hearing was held before Administrative Law Judge Luis A. Catoni–Antonetti, after which the ALJ denied plaintiff's request for continuation of benefits and concluded that plaintiff's disability had ceased in July 1983. The Appeals Council dismissed plaintiff's appeal on the ground that it was not timely filed.

On March 21, 1990, plaintiff brought this action against the Secretary of Health and Human Services ("Secretary"), pursuant to 42 U.S.C. § 405(g), seeking judicial review of the decision which ceased her entitlement to social security disability benefits. On July 2, 1990, the Secretary, arguing that the record contained conflicting determinations of the date that plaintiff's disability had actually ceased, moved to have the proceedings remanded back to the Secretary to resolve this conflict. The matter was referred to United States Magistrate Judge Ted E. Bandstra, who recommended

that this action be remanded to the Secretary for a resolution of the conflict and for further consideration of any cessation of plaintiff's disability. Neither side objected to the recommendation of Magistrate Judge Bandstra.

On November 26, 1990, this Court ratified and affirmed the Report and Recommendation of United States Magistrate Judge Bandstra, and remanded the case back to the Secretary for more factfinding as to the appropriate date of cessation. However, we expressly retained jurisdiction over this action when we stated that we would hold "under advisement and review plaintiff's motion for summary judgment until such time as it may become ripe for consideration by renewal or otherwise."

On remand, the ALJ retreated from its earlier ruling and held that the plaintiff continued to meet the eligibility status for receiving disability benefits, and that the benefits should not have ceased. Based thereon, plaintiff moved this Court for final judgment on September 9, 1991, in anticipation of filing a petition for attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"). The Secretary opposes this motion for final judgment (and any subsequent petition for fees), contending that this Court no longer has jurisdiction by virtue of the Order of Remand entered on November 26, 1990. That Order of Remand, the Secretary contends, constituted the final judgment for purposes of filing an application for fees under the EAJA. The Secretary argues that because a petition for fees was not filed within thirty (30) days of the final judgment,[1] any petition for fees filed at this point would be time barred.

*Discussion*

The issue facing this court is whether, in light of the Supreme Court's recent holding in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), this Court may now enter a final judgment in this action, or whether the Order of Remand entered by this Court on November 26, 1990 constituted a "final judgment" for purposes of timely filing an application for attorney's fees under the EAJA.

In *Melkonyan,* the Supreme Court announced that only two types of remands are permitted under 42 U.S.C. § 405(g): those pursuant to the fourth sentence and those pursuant to the sixth sentence. Sentence four of § 405(g) authorizes the District Court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Under sentence six remands, the District Court does not rule on the correctness of the Secretary's decision but rather, remands because significant new evidence has come to light that was not available to the claimant at the time of the original administrative proceeding.[2]

*Melkonyan* instructs that orders of remand must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or must conform with the new evidence requirements outlined in sentence six. Under the structure and legislative history of § 405(g), *no other types of remands are permitted. Melkonyan,* 111 S.Ct. at 2165.

Therefore, a sentence four order of remand must necessarily constitute a "final judgment" for purposes of triggering the period for filing an application for

---

**1.** A final judgment is defined in the EAJA as a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

**2.** Sentence six of 42 U.S.C. § 405(g) provides: The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is

material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision ... which his action in modifying or affirming was based.

attorney fees under the EAJA.[3] In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs. *Melkonyan,* 111 S.Ct. at 2165.

■ At the time that this Court entered its Order of Remand in the present case on November 26, 1990, *Melkonyan* had not yet been decided. As such, this Court believed that it had the inherent power to both remand the case to the Secretary *and* retain jurisdiction to entertain the case after the Secretary had resolved the conflict concerning the dates of cessation. This belief was not without supporting authority—under *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Supreme Court had acknowledged, without disapproval, that in sentence four cases, the remanding court often continued to retain jurisdiction over the action until the administrative proceedings were complete.

Before *Melkonyan,* remands by the District Court for further development of the record or for more factfinding, while the Court retained jurisdiction, were commonplace, even where the remand did not involve the consideration of new evidence. *See Luna v. United States Department of Health and Human Services,* 948 F.2d 169 (5th Cir.1991); *Harper v. Sullivan,* 779 F.Supp. 90 (N.D.Ill.1991). Indeed, this very Circuit had held, before *Melkonyan,* that a sentence four Order of Remand entered by the District Court did not terminate the District Court's jurisdiction over the matter and was not a final judgment for EAJA purposes. *Myers v. Sullivan,* 916 F.2d 659, 673 (11th Cir.1990).

In announcing in *Melkonyan* that Congress only permitted two types of remands under § 405(g), the Court also seemingly acknowledged the continuing validity of *Hudson,* which the Court described as a "case[ ] where the district court retains jurisdiction of the civil action and contem-

plates entering a final judgment following the completion of the administrative proceedings." *Melkonyan,* 111 S.Ct. at 2162; *Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992). Nevertheless, we agree with the Fifth Circuit that, read literally, *Melkonyan* holds that an order of remand under sentence four is a final judgment for purposes of filing an application for fees under the EAJA. *Luna v. United States Department of Health and Human Services,* 948 F.2d 169 (5th Cir.1991). In that light, we review the Order of Remand entered by this Court on November 26, 1990.

In the case sub judice, the Order of Remand was not entered pursuant to sentence six, since no significant new evidence was either alleged to have been discovered or presented, nor did this Court make any findings as required by a sentence six remand. Furthermore, although the Order of Remand entered by this Court more closely resembles a sentence four remand, by no stretch of this Court's imagination does the remand fit neatly within the sentence four category. The Order of Remand was not explicitly accompanied by a final judgment, nor did this Court purport to relinquish jurisdiction—in fact, in the Order of Remand, this Court explicitly retained jurisdiction by reserving ruling on plaintiff's motion for summary judgment.

Although, under *Melkonyan,* the Order of Remand necessarily *must* have been either a sentence four or sentence six remand, a retroactive characterization of the remand simply to pigeonhole it under one of those two types would lead to a result that neither the Supreme Court nor Congress could have intended. Namely, by characterizing the Order of Remand as a sentence four remand, the plaintiff would now be retroactively forced to have filed a petition for attorney's fees within ninety days after the Order was entered.

Because the Order of Remand did not establish the plaintiff as a "prevailing party" under the EAJA, however, any such petition for fees filed before the ALJ made

---

**3.** This period (30 days) begins after the final judgment is entered by the Court and the appeal

period (60 days) has run.

his decision on remand would have been deemed premature. Yet, because the ALJ made his decision more than eight months after the remand, any fee petition filed after the ALJ made his decision on remand would have necessarily been filed more than ninety days after the Order of Remand and would be deemed late. Applied literally and retroactively to this case, therefore, *Melkonyan* would effectively close the "window of opportunity" for the prevailing plaintiff to recover attorney's fees under the EAJA. Such a procedural bar—the possibility that a "prevailing plaintiff" would not be able to recover fees under the EAJA—runs completely afoul of the EAJA and could not have been intended by the Court in *Melkonyan. See Welter v. Sullivan*, 941 F.2d 674 (8th Cir.1991); *Parsons v. Sullivan*, 140 F.R.D. 352 (S.D.Ohio 1991); *Harper v. Sullivan*, 779 F.Supp. 90 (N.D.Ill.1991).

Thus, while *Melkonyan* may apply retroactively to those Orders of Remand that were *intended* to be viewed as final judgments, *see James B. Beam Distilling Co. v. Georgia*, —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), this Court will not engage in deceptive judicial craftsmanship by retrospectively labelling its Order of Remand a "Final Judgment" when it clearly was not intended as such. To decline jurisdiction to enter a final judgment in the present case would be contrary to what the Supreme Court and Congress had in mind in providing aggrieved citizens with the means to challenge administrative decisions. *See Harper v. Sullivan*, 779 F.Supp. 90 (N.D.Ill.1991); *but see Fergason v. Sullivan*, 771 F.Supp. 1008, 1013 (W.D.Mo.1991) (refusing to accept jurisdiction after remand, although acknowledging procedural impossibility that has arisen and recommending that the Supreme Court revisit its holding in *Melkonyan* so as to reconcile it with the EAJA's prevailing party requirement). Accordingly, we hold that this Court's Order of Remand of November 26, 1990 did not constitute a final judgment for purposes of relinquishing jurisdiction. Today, we enter such a final judgment.

 Significantly, even if the Order of Remand were to be treated as a sentence four final judgment for purposes of filing a petition for fees under the EAJA, this Court would give the plaintiff the benefit of equitable tolling. Equitable tolling applies to claims under § 405(g). *See Bowen v. City of New York*, 476 U.S. 467, 480–82, 106 S.Ct. 2022, 2030–31, 90 L.Ed.2d 462 (1986); *Luna v. United States Department of Health and Human Services*, 948 F.2d 169 (5th Cir.1991). Because this Court's Order of Remand did not place plaintiff on notice that it constituted a "final judgment," this Court will deem her EAJA fee application, if filed within the appropriate time period from the date of this Order of Final Judgment, to be timely filed.

For these reasons, it is

ORDERED AND ADJUDGED that the said Motion for Final Judgment be, and the same is hereby GRANTED.

DONE AND ORDERED.